STEPHEN K. WILLIAMS, RESPONDENT, *v.* THE SUPERVISORS OF THE COUNTY OF WAYNE, APPELLANTS.

*Boards of Supervisors — correction of errors in assessments by — what errors may be corrected — chap. 855 of 1869, and chap. 695 of 1871.*

Under the provisions of section 5 of chapter 855 of 1869, as amended by chapter 695 of 1871, authorizing boards of supervisors, upon the recommendation of the County Court, "to correct any manifest clerical or other error in any assessment," and requiring them to "refund to such person the amount collected from him by any tax illegally or improperly assessed or levied," only manifest errors can be corrected; that is, such as are clear, plain, obvious, and evident; such as are apparent from an examination of the tax-roll itself, or at least needing for their demonstration nothing more than a mathematical calculation.

The statute does not include errors of judgment, of fact, or of law, or juris-
dictional questions.

The decision of the assessors as to whether or not a tax should be imposed upon
an agent, having in his hands for the purpose of collection and reinvestment
bonds and mortgages belonging to a resident of another State, cannot be
reviewed under said statutes.

APPEAL from an order of the County Court of Wayne county,
ordering the board of supervisors of that county to refund cer-
tain moneys to the plaintiff herein.

S. K. Williams, in person, for the respondent.

E. K. Burnham, for the appellants.

TALCOTT, P. J.:

This is an appeal from the order of the County Court of
Wayne county, ordering the board of supervisors of that county
to refund to Stephen K. Williams the sum of one hundred and
seventy-four dollars and nine cents, being the amount collected
from him of a tax, adjudged by the said County Court to have
been "illegally and improperly" assessed and levied.

The petition of said Williams to the County Court sets forth,
that he is a resident and tax-payer of the town of Arcadia, in
said county; that in the year 1871, he was assessed upon the tax
roll of said town for his real and personal property; that the
assessors for the said town completed their assessment roll for the
year 1871, and made a fair copy thereof, and caused notices to
be posted setting forth that they had completed their roll, and
that one copy thereof was left with one of their number, etc.,
until the third Tuesday of August then next; and that said assess-
ors would meet on that day at a place specified, to review their
assessments; that the petitioner appeared on the day named and
the assessors met; that the petitioner then and there carefully
examined said roll and found no assessment upon it against him-
self as agent for Z. S. Crane, but at an adjourned meeting of said
assessors, for the purpose of further reviewing said roll, and after
the day fixed for reviewing said roll, the petitioner found that his
name had been placed on the said roll with an assessment thereon
as agent for Z. S. Crane, for personal property, in the sum of ten
thousand dollars; that the petitioner made affidavit before the said

assessors, at a time appointed by them for reviewing their assessment, that such property belonged to a non-resident owner, therein stating that the owner's name was Zenas S. Crane, and that his residence was Montclair, in the county of Essex, and State of New Jersey; that the property consisted wholly of bonds and mortgages and demands belonging to said Crane, which were sent to and deposited in this State for collection; and that the petitioner had no property in, or the control of any of said securities, except as aforesaid; and that petitioner had no property in, nor the control of any property of said Crane, except as aforesaid; and except a small sum of money, about $100, collected from said securities to send to said Crane; but that the said assessors then and there and always refused to deduct the said assessment or any part thereof from the petitioner's assessment, or to strike the sum from the assessment roll; and the petition then avers the truth of the statements made in the affidavit submitted to the assessors; and that such proceedings were had that a tax was carried out and set down opposite to said sum on said roll, to the sum of $165.50, by the board of supervisors of said county of Wayne.

That the board of supervisors annexed their warrant to said tax list, commanding the collector of the town to collect the said tax. That the collector levied upon the goods and chattels of the petitioner, and that in order to save his property the petitioner, under protest, paid the tax, with the collector's fees. That the tax was illegally assessed and collected from him, and praying that the amount may be refunded by the order of the County Court.

A copy of the petition, with notice, was served on the board of supervisors. The County Court, on the 1st day of October, 1877, the board of supervisors appearing by counsel, ordered that it be referred to M. J. Greenwood, Esq., to take the testimony in the matter, in addition to the petition, and to report the testimony to the court, and to report the same, with his opinion, to the County Court, and providing for a hearing on the coming in of the referee's report, reserving the question of the jurisdiction of the court to hear the motion. The referee took testimony in the matter, and among other testimony the evidence of the petitioner, on the subject of how and for what purpose he held the bonds and mortgages, and when he received the same, showing that he held

the bonds and mortgages for collection and reinvestment. On the coming in of the report of the referee, the County Court ordered the board of supervisors to refund the amount of the tax to the petitioner, adjudging the same to have been " illegally and improperly assessed and levied." This proceeding in the County Court was instituted under chapter 855 of the Laws of 1869, section 5, as amended by the Laws of 1871, chapter 695.

The act of 1869 authorizes the board of supervisors of any county, excepting New York and Kings, on the recommendation of the County Court of such county, " to correct any manifest clerical or other error in any assessment or returns made by any town officer to such board of supervisors, or which shall properly come before such board for their action, confirmation, or review." The act of 1871 referred to provides, in addition to the act of 1869, that upon the order of the County Court, made on application of the person aggrieved, and notice thereof to the board of supervisors, " it shall refund to such person the amount collected from him of any tax illegally or improperly assessed or levied, and an appeal may be taken from such order, as from a judgment of said court in an action. * * *"

It is to be observed that the only case in which the County Court is authorized to order the refunding of a tax, is in the case of a *manifest* clerical or other error. The error must be *manifest;* that is, clear, plain, obvious and evident. The statute concerning the assessment of taxes relating to the subject, provides as follows: " Every person shall be assessed in the town or ward where he resides when the assessment is made, for all personal estate owned by him, including all personal estate in his possession or under his control as agent, trustee, guardian, executor, or administrator, and in no case shall property so held under either of these trusts be assessed against any other person; * * * but the products of any State of the United States, consigned to agents in any town or ward of this State for sale on commission, for the benefit of the owner thereof, shall not be assessed to such agent, nor shall such agents, or moneyed corporations or capitalists, be liable to taxation under this section, for any moneys in their possession or under their control, transmitted to them for the purposes of investment or otherwise." (Revised Stat. [6th ed.], vol. 1, 934, § 5.)

That any error committed by the assessors, in assessing the petitioner for the amount of the personal estate, consisting of bonds and mortgages and other securities, which were in his possession as the agent of Zenas S. Crane, of New Jersey, was not a *manifest* error, is evident. Hence the County Court directed a reference to take testimony directed to the questions of fact, showing whether that portion of the estate of Crane which had its *situs* here was properly taxable to the petitioner, who was the agent. (*Hoyt* v. *Com'r, etc.*, 23 N. Y., 233.)

The errors of the assessors, for which the County Court is empowered to order the refunding of a tax, must be of the character of clerical errors, and the words of the statute embracing " other errors " are to be construed as referring to and including only errors of the same character as those particularly specified, on the principle frequently applied in the construction of statutes *noscitur a sociis*.

The errors which may be corrected by the order of the County Court are something which is apparent from an examination of the tax roll itself, or at least needing for their demonstration nothing more than a mathematical calculation — not errors of judgment, errors of fact, errors of law, or jurisdictional questions. This has been so held in a recent case in the Court of Appeals (*Hermance* v. *The Supervisors of Ulster County*), a statement of the points decided in which is contained in the Weekly Digest, 5th volume, 575; the opinion in which fully covers the case at bar, and seems decisive of the question presented on this appeal.

We are, therefore, of the opinion that the County Court had no authority, in this case, to order the refunding of the tax, but that the determination of the assessors on the subject was conclusive, except such determination should be reviewed by a *certiorari*.

The order of the County Court of Wayne county appealed from is reversed, with costs to the appellants (ten dollars), and disbursements for printing.

Present — TALCOTT, P. J., SMITH and HARDIN, JJ.

Order of the County Court of Wayne County appealed from, reversed, with ten dollars costs and disbursements.